Julia V. Pape, as Executrix, etc., of Ernest D. Pape, Deceased, Respondent, v. Joseph L. Schofield and Others, Appellants.

*Interlocutory judgment — valid until reversed — conditional opening of default.*

An interlocutory judgment based upon the report of a referee is valid and final as to the rights of the parties thereto, until reversed on appeal.

Where the court, as a condition of opening the default of certain defendants in an action, directed that such defendants should not interpose any technical objection to the rights of the plaintiff to continue the action in the form it was then in, if such defendants accept the conditions of the order and obtain the benefits which it granted to them they are bound by its provisions.

Appeal by certain of the defendants, Samuel R. Schofield and others, from a judgment of the Supreme Court in favor of the plaintiff,

entered in the office of the clerk of the county of New York on the 13th day of December, 1890, by order of the New York Special Term, upon the report of a referee, and also from the judgment modifying the same, entered in said clerk's office on the 13th day of October, 1893, upon the report of a referee.

*F. I. Moissen,* for the appellants.

*J. Delahunty,* for the respondent.

PARKER, J. :

Prior to the 22d day of December, 1883, Joseph L., Simon R. and Helen Scofield, Mary Rich and Catherine R. Pape were tenants in common of certain premises situated in this city. On that day Catherine R. Pape died, leaving her surviving her husband, Ernest D. Pape, who thereupon became vested with a tenancy by the curtesy in an undivided one-fifth share of such premises. About the 1st of August, 1888, the owners of the fee had presented to them an opportunity to sell the real estate at what seemed a favorable price, and their agent and attorney, Thomas J. McKee thereupon undertook to induce Pape to join in the conveyance. This at first he refused to do unless he should be paid a proportion of the rents due him as tenant by the curtesy, together with the unpaid rents which were due to his wife at the time of her death, and the value of his interest as such tenant, to be computed according to the method provided by law.

Pape prepared and presented an itemized statement of his claim aggregating $7,778. The correctness of the claim was not admitted, and the time for the completion of the sale being near at hand it was agreed between the agent for the owners of the fee and Dr. Pape that a sum of money equal to the amount claimed by him should be retained out of the purchase money for the purpose of paying whatever amount it should afterwards be agreed of right belonged to the claimant.

Accordingly the sale took place; the money was retained by the agent McKee as stipulated, but the parties being unable to agree upon the amount due, Pape instituted this suit in which he demanded an accounting for the rents to which he made claim individually, as well as those alleged to be due him as administrator of his wife's

estate, and for the gross value of his tenancy at the time of the conveyance.

Two of the defendants answered; the others suffered default, and the case being at issue the Special Term sent the matter to a referee to take and state the accounts and report, the interlocutory decree further adjudging that upon the coming in of the report of the referee and the confirmation of the same, plaintiff have judgment; that the defendant pay to the plaintiff out of the moneys in his hands mentioned in the complaint the sum which may be found due him as tenant by the curtesy in said premises and as administrator of Catherine R. Pape, deceased.

The referee reported that there was due to the plaintiff the sum of $6,341.23, the report being dated and filed December 13, 1889. Two days later the plaintiff Pape died; shortly afterwards his executor was substituted in his place as plaintiff, and on November 29, 1890, final judgment was entered confirming the referee's report and directing payment to the plaintiff by McKee out of the funds in his hands, of the sum reported due, with costs.

Thereafter Simon R. and Helen Schofield and Mary Rich, who had not appeared in the action, made application to the court that the default be opened. The motion was granted, the order providing that they be allowed " to come in and litigate the question as to the amount that should be paid Dr. Ernest D. Pape's estate from the fund in the hands of Thomas J. McKee (one of said defendants), and for that purpose interpose answers to the amended complaint in said action, and said motion to that extent is hereby granted upon condition :

" *First.* That said defendants will not and do not take or interpose any technical objection to the right of the said plaintiff to continue the action as it is is now framed.

" *Second.* That said action be sent back to the referee appointed by the interlocutory judgment therein for trial upon the issues made by the answers to be interposed to said complaint by said defendants respectively. Such answer or answers to be served within ten days after the entry of this order, and the reference to proceed thereafter upon two days' notice."

The proceedings thereafter had, resulted in a report by the referee that there was due the plaintiff the aggregate sum of $6,309.54,

which report was confirmed at Special Term and judgment accordingly entered.

Under this state of facts, it seems a little remarkable that the defendants, who were allowed to come in by the court, after judgment had been rendered for the purpose only of litigating the sum due, should contend with apparent seriousness:

*First.* That however substantial the claim of Dr. Pape may have been for moneys accrued to him by reason of his tenancy by the curtesy, that it abated on his death.

*Second.* That the plaintiff failed to prove any personal liability on the part of the co-tenants other than Joseph L. Schofield, who collected the rents.

*Third.* That the agreement did not provide that the sum set apart to secure Dr. Pape, or any part of it, should be applied in the payment of rents due him either individually or as administrator.

In the light of the facts disclosed by this record, to the principal features of which we have briefly alluded, it is apparent that the points referred to ought not to have been insisted upon here. But, as they have been unsuccessfully presented, there will result no practical difference. Touching the first point, it is unnecessary for us to determine what would have been the effect upon the claim which Dr. Pape made, had he died before the granting of the interlocutory judgment, and the making and filing of the report of the referee in pursuance thereof. That judgment was valid and final as to the rights of the parties until reversed on appeal, and as no appeal has ever been taken from it, it is not before this court for review. The merits of the controversy being thus adjusted as between the parties, three of the defendants asked that their default might be opened and they allowed to come in and defend. Apparently for the purpose of depriving the petitioners, seeking relief from their default, from making such use of the benefit which they sought as would work injustice to the estate of the deceased Dr. Pape, the court established the limits of the answer and inserted as a condition for the opening of the default that defendants should not interpose any technical objections to the rights of the plaintiff to continue the action in its present form. Now, having accepted the conditions of the order and obtained the benefits which it granted to them, defendants are bound by it.

The point next made is that liability for rent collected by one tenant in common for his co-tenant is a personal one, and can only be enforced against him personally.

The applicability of that proposition to the situation which the facts of this case present is sought to be founded on the fact that the rents for a number of years for which the plaintiff has recovered were collected by Joseph L. Schofield, one of the co-tenants. The contention is not well grounded, however, because the situation is changed by the stipulation and agreement of the parties. The owners of the fee, being anxious to sell the property, attempted to induce Dr. Pape to unite with them in a conveyance, but he refused on the ground that he had not received the proportion of the rent due to him individually and as administrator of Mrs. Pape's estate. This refusal standing in the way of the consummation of their agreement to sell, they attempted to provide a method which should secure to him whatever should be found to be actually due.

True, the several defendants did not sign the agreement, but McKee, their agent and attorney, signed it for them, as he was authorized to do, and some, if not all of them, knew what the arrangement was prior to the execution of the conveyance.

The whole transaction, therefore, amounted in effect to an agreement between the parties that the whole or such part of the claim of Dr. Pape as should turn out to be well founded, which claim was then before them in the form of an itemized statement, should be paid out of the fund to be retained from the proceeds of the sale by the agent McKee.

For the reason presented in the discussion of the first and second points the third cannot avail the defendants.

It is further insisted that the referee erred in finding Dr. Pape to have been of the age of sixty-three years on the 1st day of August, 1888. An attentive reading of the evidence leads us to the conclusion that the referee's findings has such support therein as denies to this court the right to interfere with it.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.